320 P.2d 659

**Earl RICH, Plaintiff and Respondent,**

**v.**

**Ernest ELDER, Defendant and Appellant.**

No. 8671.

Supreme Court of Utah.

Jan. 25, 1958.

Dwight L. King, Salt Lake City, Thorpe A. Waddingham, Delta, for appellant.

Therald N. Jensen, Price, for respondent.

WORTHEN, Justice.

Defendant appeals from a judgment of the trial court, sitting without a jury, awarding plaintiff the reasonable value of

services rendered and supplies furnished at the special instance and request of defendant, and awarding plaintiff a bonus in the amount of $500 agreed to be paid plaintiff if he would continue to work for defendant until defendant should sell his ranch where plaintiff was employed. The offer of the bonus proposition was accepted by plaintiff.

It is undisputed that plaintiff was employed at defendant's ranch in Carbon and Duchesne counties, at a monthly wage of $200 per month from November, 1955, to June 15, 1956. On June 15, 1956, defendant sold the ranch together with the livestock to a Mr. Sharp. Between July 10 and July 18 the cattle were gathered by plaintiff with the help of three men whom plaintiff employed together with their horses and gear. Plaintiff alleged and plaintiff and Sharp testified that defendant engaged said services and agreed to pay for same. Defendant contended that on June 15, 1956, he paid plaintiff for his services, and plaintiff went to work for Sharp, and that the obligation to pay for the services of plaintiff and the men he hired was Sharp's and not defendant's. Defendant denied that he agreed to pay said services. The testimony on the proposition as to who should pay for gathering the cattle was in conflict but the trial court found that issue in plaintiff's favor and there is substantial evidence to sustain the court's finding.

As to plaintiff's claim to a bonus, the evidence discloses that about two months after plaintiff began to work for defendant he told defendant that he didn't figure on staying. Immediately after plaintiff advised defendant of his intention to quit, defendant on January 17, 1956, wrote a letter to plaintiff wherein he said:

"Dear Earl,

Taking up where we left off today, while I was at the ranch * * * I realize that you might be concerned about how long the job would last. * * * In any event I would be willing to agree to pay you, in addition to salary—five hundred dollars—if and at any time I sold the property. * *"

Shortly thereafter plaintiff and defendant met and discussed the letter and plaintiff accepted the bonus proposal.

On June 15, 1956, defendant paid plaintiff for his work up to that date but no demand was made by plaintiff for the bonus. Defendant contends that this indicates that plaintiff did not consider himself entitled to it. There was evidence that defendant deliberately withheld from plaintiff knowledge that defendant had sold the ranch and represented that he was selling only the cattle and that he and Sharp were combining operations and that Sharp was to take over management. It would appear that plaintiff did not know at that

148

time that the contingency that entitled him to the $500 bonus had happened, and that the ranch had been sold.

The trial court found that plaintiff was entitled to the bonus and there is substantial evidence to support that finding.

Since there is substantial evidence to support the trial court on both awards the judgment must be affirmed. Costs to respondent.

McDONOUGH, C. J., and CROCKETT, WADE, and HENRIOD, JJ., concur.